PEOPLE *v.* EDWARDS

Appeal from Recorder's Court of Detroit, Donald E. Leonard, J. Submitted Division 1 March 3, 1970, at Detroit. (Docket No. 6,482.) Decided March 30, 1970.

Willie Charles Edwards was convicted, on his plea of guilty, of larceny from the person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Burton L. Borden,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. July 3, 1968, during the course of his jury trial on a charge of robbery armed, CLS 1961, § 750.529 (Stat Ann 1970 Cum Supp § 28.797), defendant offered to plead guilty to larceny from the person, CL 1948, § 750.357 (Stat Ann 1954 Rev § 28.589). After questioning defendant, the trial judge accepted the plea and subsequently, defendant was sentenced.

On appeal, it is defendant's position that the trial judge failed to comply with GCR 1963, 785.3(2), because he failed to ascertain that defendant was pleading guilty without promise of leniency. Defendant asserts on appeal without corroboration that his attorney advised him that defendant would receive a small sentence or probation and that is why he pleaded guilty. At the time defendant offered to plead to larceny from the person, two witnesses had already testified. That testimony established a robbery armed and that defendant committed it.

During interrogation by the judge, defendant indicated he was pleading guilty to taking a wallet and $45 from the complaining witness and that he was pleading guilty because he was guilty. Defendant indicated he was pleading freely, willingly and voluntarily and not because anyone had promised, induced or threatened him. Defendant also indicated he understood the nature of the offense and that the maximum penalty was ten years.

This record does not support defendant's present contention that GCR 1963, 785.3(2), was not complied with.

Affirmed.